Argued March 7, reversed and remanded March 22, petition for rehearing denied April 25, 1967

JAMISON FERTILIZER COMPANY, *Appellant, v.* WHITE MOTOR COMPANY, *Respondent.*

425 P. 2d 191

*James G. Breathouwer,* Portland, argued the cause for appellant. On the brief were Reiter, Day, Anderson & Wall and George M. Joseph, Portland.

*James F. Spiekerman,* Portland, argued the cause for respondent. With him on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson and James H. Bruce, Portland.

Before Perry, Chief Justice, and O'Connell, Goodwin and Fort, Justices.

O'CONNELL, J.

This is an action for damages to plaintiff's truck resulting from the alleged negligence of defendant, or on the basis of a breach of an implied warranty that repair work on the truck performed by defendant was done in a workmanlike manner. Plaintiff appeals from a judgment on a directed verdict in favor of defendant.

Plaintiff's truck was damaged when it was hit by a train at a railroad crossing. When the truck approached the crossing the driver applied the air brakes but they failed to respond and the truck moved on to the tracks where it was struck. Plaintiff contends that the brake failure was caused by defendant's negligence in repairing the truck just before the accident. More specifically, it is alleged that defendant failed to tighten a nut connecting the air brake hose on top of the forward differential and that as a consequence there was a loss of air pressure when the brakes were applied.

The trial court held that there was not sufficient evidence from which the jury could conclude that defendant's conduct was a cause of the accident.

There was testimony that prior to the accident, when the truck was being repaired by defendant, the air brake line had been disconnected from the fitting on top of the differential on the forward axle. On August 28th the repair work was finished. The truck was placed in service on August 29. The accident happened on August 30 after the truck had been driven about 220 miles. The truck driver testified that just before he approached the railroad crossing he had

applied the brakes "a couple of times," but when he applied them to stop at the approach to the crossing they failed completely. The front part of the truck was completely demolished but the rear axles, including the differential mentioned above, were not damaged.

Three days after the accident when Earle McKissick, an officer of plaintiff, inspected the wrecked truck, he found the nut on the fitting connecting the air brake line on the top of the forward differential was loose. Later, in order to test the effect of the loose connection on the operation of the brake system, another tractor was connected to the air brake line on the rear part of the wrecked truck and air pressure was built up. When the brakes were first applied the pressure dropped to 40 pounds and on the next application of the brakes the pressure dropped to zero. During this test air was felt and heard blowing from the loose connection. An expert witness called by plaintiff testified in response to a hypothetical question that the loose fitting on the differential was the cause of the loss of air pressure at the time of making the test and was the cause of the loss of brakes at the time of the accident.

Defendant produced an expert witness who testified that the loose fitting could not have caused the brake failure because there would have been sufficient air pressure to activate the brakes even though air leaked from the loose fitting in question.

The testimony of plaintiff's expert witness, if accepted as true by the jury, would establish that the loose fitting was the cause of the accident. The only question then would be whether the jury could reasonably find that defendant's conduct was a substantial factor in causing the fitting to be loose. We are of the

opinion that the jury could reasonably so find. It would not be unreasonable to infer that defendant replaced the fitting "finger tight" as plaintiff described it and that as the truck was driven from the time it left defendant's possession until the accident, which was approximately 220 miles, the fitting became looser until it presented the hazard existing at the time of the accident.

The judgment is reversed and the cause is remanded for a new trial.